UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WILLIAM ALBERTO ESTRADA,

                Plaintiff,

v.                           Case No. 3:12-cv-1010-J-99TJC-JRK

JOHN PALMER, et al.,

                Defendants.

---

## REPORT AND RECOMMENDATION[1]

Plaintiff William Alberto Estrada, an inmate of the Florida penal system who is proceeding *pro se* and *in forma pauperis*, filed a Complaint (hereinafter Complaint) (Doc. #1) pursuant to 42 U.S.C. § 1983. In the Complaint, Plaintiff names the following individuals as the Defendants in this action: (1) John Palmer, Warden, Florida State Prison (hereinafter FSP); (2) Brad Whitehead, Assistant Warden, FSP; (3) Jerry F. Singer, former Warden, FSP; and (4) Richard Land, the Director of the Bradford County Health Department.

Plaintiff claims the Defendants are deliberately indifferent to the conditions of his confinement, in violation of the Eighth Amendment to the United States Constitution. He

---

[1]    Specific, written objections may be filed in accordance with 28 U.S.C. § 636 and Rule 6.02, Local Rules, United States District Court, Middle District of Florida, within fourteen (14) days after service of this document. Failure to file timely objections may bar a party from a de novo determination by a district judge and from attacking factual allegations on appeal. See 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

asserts that the conditions violate the state health code, resulting in unsanitary living conditions. He contends that the Defendants' actions constitute deliberate indifference to the health and safety of Plaintiff and the general inmate population. As relief, Plaintiff seeks nominal damages, compensatory damages, and punitive damages. He also seeks protection from retaliation.

The specific allegations raised in the Complaint are as follows. Plaintiff is confined in I-Wing at FSP. He complains that there are cockroaches, ants, and spiders on the wing, and he has suffered occasional bite marks. He also complains that he has suffered from nightmares and emotional distress. Additionally, he complains that there is a "pipe-chase" behind a brick wall, and that there is raw sewage in the "pipe-chase." He complains that the odor from the raw sewage has nauseated him and he fears that the raw sewage is in his water supply, the cell sink. He states that he suffers from stomach aches and pains from drinking the suspected contaminated water.

Plaintiff asserts that the Defendants have a duty to supervise and enforce regulations. He complains that the Defendants have failed to ensure that the housing wing at FSP is in compliance with rules, regulations, and sanitation requirements. He contends that the Defendants have failed to

2

correct the hazardous environmental condition after inspection and discovery of these environmental hazards.

The Prison Litigation Reform Act (hereinafter PLRA) requires the Court to review a case and dismiss a claim at any time if the Court determines that the claim is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915a. "A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing Battle v. Cent. State Hosp., 898 F.2d 126, 129 (11th Cir. 1990)), cert. denied, 534 U.S. 1044 (2001). A complaint filed in forma pauperis which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Section 1915(e)(2)(B)(i) dismissals should only be ordered when the legal theories are "indisputably meritless," id. at 327, or when the claims rely on factual allegations which are "clearly baseless," Denton v. Hernandez, 504 U.S. 25, 32 (1992). Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. Bilal, 251 F.3d at 1349.

3

In any § 1983 action, the initial inquiry must focus on whether the two essential elements to a § 1983 action are present:

> (1) whether the person engaged in the conduct complained of was acting under color of state law; and (2) whether the alleged conduct deprived a person of rights, privileges or immunities guaranteed under the Constitution or laws of the United States.

Duke v. Massey, 87 F.3d 1226, 1231 (11th Cir. 1996) (citations omitted), reh'g and suggestion for reh'g en banc denied, 98 F.3d 1355 (11th Cir. 1996).  Here, Plaintiff attempts to state a § 1983 claim by alleging the Defendants have deprived him of a right guaranteed by the Eighth Amendment to the Constitution.

In the context of an Eighth Amendment challenge to conditions of confinement, an inmate must ultimately prove three components:  (1) the defendant had subjective knowledge of a risk of serious harm to the inmate, (2) the defendant disregarded that risk, (3) by conduct that was more than mere negligence.  Farrow v. West, 320 F.3d 1235, 1245 (11th Cir. 2003).  Here, Plaintiff has not alleged facts that would support a finding that he was exposed to a risk of serious harm that was disregarded by the Defendants.  Plaintiff is complaining about temporary, unsanitary and uncomfortable conditions.  Such conditions do not amount to a constitutional deprivation.  It

4

does not appear that the Defendants intended to inflict pain. At most, Plaintiff has presented a negligence claim.

The fact that the wings may not meet state statutory requirements does not mean that Plaintiff has been subjected to cruel and unusual punishment in violation of the Eighth Amendment. Other than an upset stomach and a few bug bites, Plaintiff has not asserted that he suffered any physical injury while confined at FSP. "[T]he Constitution does not mandate comfortable prisons." Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004) (quoting Rhodes v. Chapman, 452 U.S. 337, 349 (1981)). "If prison conditions are merely 'restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society.'" Id.

The Court is convinced that the Complaint is frivolous, as it appears that Plaintiff has little or no chance of success on a claim of constitutional deprivation. A violation of the Eighth Amendment requires a showing of "deliberate indifference" to an inmate's health or safety. Farmer v. Brennan, 511 U.S. 825, 834 (1994). "Deliberate indifference is not the same thing as negligence or carelessness." Ray v. Foltz, 370 F.3d 1079, 1083 (11th Cir. 2004) (citation omitted). See Rooney v. Watson, 101 F.3d 1378, 1380-81 (11th Cir. 1996) (alleged negligence does not transform a state tort claim into a constitutional deprivation), cert. denied, 522 U.S. 966 (1997).

5

Also, to the extent Plaintiff seeks damages for mental or emotional injury, his action is barred by 42 U.S.C. § 1997e(e) as long as he remains incarcerated. <u>See</u> <u>Napier v. Preslicka</u>, 314 F.3d 528, 531-32 (11th Cir. 2002), <u>cert.</u> <u>denied</u>, 540 U.S. 112 (2004).

In the absence of a constitutional deprivation or violation of a federal right, Plaintiff cannot sustain a cause of action against the Defendants under § 1983.   However, Plaintiff may still pursue a negligence cause of action in state court.   <u>See</u> <u>Rooney</u>, 101 F.3d at 1381 n.1; <u>Cannon v. Taylor</u>, 782 F.2d 947, 950 (11th Cir. 1986) (stating "[a]utomobile negligence actions are grist for the state law mill"; they do not rise to the level of a constitutional deprivation).   A violation of the Eighth Amendment requires a showing of "deliberate indifference" to an inmate's health or safety.   <u>Farmer</u>, 511 U.S. at 834 (1994). Here, Plaintiff has little or no chance of success with regard to his Eighth Amendment claim.

<h2 style="text-align:center">Conclusion</h2>

For all of the above-stated reasons, dismissal of this case without prejudice pursuant to 28 U.S.C. § 1915A(e)(2)(B) is appropriate.[2]   Accordingly, it is hereby

---

[2]   Often, it is appropriate to provide a <u>pro</u> <u>se</u> plaintiff an opportunity to amend his Complaint when he has failed to state a claim, but with amendment may be able to do so. <u>See</u> <u>Gomez v. USAA Fed. Sav. Bank</u>, 171 F.3d 794, 795 (2d Cir. 1999) (stating that a court should not dismiss pursuant to § 1915 for failure

**RECOMMENDED:**

1.    That this case be **DISMISSED WITHOUT PREJUDICE**; and

2.    That the Clerk be directed to enter judgment dismissing this case without prejudice, and to thereafter close the case; and

3.    That the Clerk be directed to terminate any pending motions.

**RESPECTFULLY RECOMMENDED** at Jacksonville, Florida this 23rd day of October, 2012.

UNITED STATES MAGISTRATE JUDGE

sa 10/15
c:
Honorable Timothy J. Corrigan
United States District Judge

William Alberto Estrada

---

to state a claim "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated") (per curiam) (internal quotation omitted).  No such opportunity need be given here because any amendment would be futile.  Plaintiff's legal theory is "indisputably meritless."  <u>Neitzke</u>, 490 U.S. at 327.

7